Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel. (212) 867-8165
fax. (212) 867-8139

Stephen A. Weisbrod
William E. Copley (*pro hac vice* application pending)
WEISBROD MATTEIS & COPLEY PLLC
1900 M Street, N.W., Suite 850
Washington, D.C. 20036
tel. (202) 499-7909
fax. (202) 478-1795

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-18-12
```

*Attorneys for Attorneys for Plaintiffs-Judgment Creditors*
*Tire Engineering & Distribution, LLC, Jordan*
*Fishman, Bearcat Tire A.R.L., and BCATCO A.R.L.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TIRE ENGINEERING AND DISTRIBUTION, :
LLC; JORDAN FISHMAN; BEARCAT TIRE :    Case No.: 12 CV 9208
A.R.L.; and BCATCO A.R.L., :
  :
    *Plaintiffs*, :    **ORDER TO SHOW**
  :    **CAUSE FOR**
v.  :    **PRELIMINARY**
  :    **INJUNCTION &**
BANK OF CHINA LIMITED, :    **TEMPORARY**
  :    **RESTRAINING ORDER**
    *Defendant* :
-----------------------------------------------------------x

Upon the declaration of William E. Copley, dated December 17, 2012, the copy of complaint dated December 18, 2012, and plaintiffs' memorandum of law dated December 18, 2012, it is hereby

**ORDERED**, that defendant BANK OF CHINA LIMITED ("BANK OF CHINA") show cause before this Court, in Courtroom 14A, United States Courthouse, 500 Pearl Street, New

York, NY 10007 on _December 27_, 2012 at _4:00_ p.m. of that day or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant BANK OF CHINA, and its agents, during the pendency of this action from selling, assigning, transferring, releasing, moving, disposing of, alienating, paying over, or secreting any money, accounts, or other assets that it holds or possesses in the name of or for the benefit of one or more of SHANDONG LINGLONG RUBBER CO., LTD., LINGLONG GROUP CO., LTD., SHANDONG LINGLONG TIRE CO., LTD., AL DOBOWI LTD., AL DOBOWI TYRE CO., LLC, TYREX INTERNATIONAL, LTD., and TYREX INTERNATIONAL RUBBER CO., LTD. (collectively, "Judgment Debtors"), as it appears that TIRE ENGINEERING AND DISTRIBUTION, LLC, JORDAN FISHMAN, BEARCAT TIRE A.R.L., and BCATCO A.R.L., plaintiffs herein ("Plaintiffs") will suffer immediate and irreparable injury in the form of dissipation of assets of the Judgment Debtors by defendant BANK OF CHINA and that such dissipation will be accelerated if defendant BANK OF CHINA and the Judgment Debtors are given advance notice of this application; and it is further

**ORDERED**, that until further order of this Court, or until BANK OF CHINA turns over to Plaintiffs' counsel, Weisbrod Matteis & Copley PLLC, 1900 M Street, N.W., Suite 850 Washington, D.C. 20036 (Attn: Stephen A. Weisbrod, Esq.) the sum of $26,000,000.00, plus accrued post-judgment interest thereon in accordance with 28 U.S.C. §1961, by cashier's check or certified check made payable to "Weisbrod Matteis & Copley PLLC - In Trust", or until Plaintiffs' counsel agree otherwise in writing, pending hearing and determination of this Order to Show Cause, defendant BANK OF CHINA, and its agents, officers, directors, employees, successors, attorneys, and all other persons in active concert or participation with any of them are

temporarily restrained and enjoined from and shall not sell, assign, transfer, release, move, dispose of, alienate, pay over, or secret any money, accounts, or other assets that it holds or possesses held in the name of or for the benefit of any of the Judgment Debtors, which assets include not only money, accounts, or other assets belonging to the Judgment Debtors or in which the Judgment Debtors have an interest located at any branch of BANK OF CHINA located within the State of New York, but also includes any money, accounts, or other assets belonging to the Judgment Debtors located at any branch of BANK OF CHINA located outside the State of New York; and it is further

**ORDERED**, that this Order shall be binding upon the defendant BANK OF CHINA, the officers, agents and employees of defendant, and each of their agents, officers, directors, employees, successors, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and it is further

**ORDERED** that Plaintiffs are not required to give security in view of the fact that the funds to be restrained do not belong to defendant BANK OF CHINA and the relief granted herein is merely to preserve the status quo with respect to assets of the Judgment Debtors in the possession, custody or control of defendant BANK OF CHINA until this Court resolves the merits of Plaintiffs' request for an order directing turnover pursuant to N.Y. C.P.L.R. § 5225(b) as sought in the complaint filed by Plaintiffs with this Court; and it is further

**ORDERED**, that service of a copy of this Order together with the pleadings, declaration and memoranda of law upon which it is based on or before December 19, 20 12 at 5:00 p.m. on defendant BANK OF CHINA at its New York branch located at 410 Madison Avenue, New York, New York 10017 shall be deemed good and sufficient service thereof; and it is further

-3-

**ORDERED**, that service of a copy of this Order together with the pleadings, declaration and memoranda of law upon which it is based on or before _December 19_, 20 _12_ at 5:00 p.m. on the Judgment Debtors, SHANDONG LINGLONG RUBBER CO. LTD. (n/k/a LINGLONG GROUP CO., LTD.) and SHANDONG LINGLONG TIRE CO., LTD., by service upon their attorneys, Morgan Lewis & Bockius LLP, 1111 Pennsylvania Ave NW, Washington, DC 20004 (Attn: Howard M. Radzley, Esq., David R. Broderdorf, Esq., and Jessica M. Zetwick, Esq.) shall be deemed good and sufficient service thereof; and it is further

**ORDERED**, that service of a copy of this Order together with the pleadings, declaration and memoranda of law upon which it is based on or before _December 19_, 20 _12_ at 5:00 p.m. on the Judgment Debtors, AL DOBOWI LTD., AL DOBOWI TYRE CO., LLC, TYREX INTERNATIONAL, LTD., AND TYREX INTERNATIONAL RUBBER CO., LTD., by service upon their attorneys, Sidley Austin LLP, 1501 K Street, N.W., Washington, D.C. 20005 (Attn: Peter D. Keisler, Esq. and Richard Klingler, Esq.), and Bracewell & Giuliani LLP 2000 K St NW, Suite 500, Washington, DC 20006 (Attn: Shelby Jeanne Kelley, Esq.), shall be deemed good and sufficient service thereof; and it is further

**ORDERED**, that Plaintiffs *ex parte* motion seeking leave to file a consolidated memorandum of law in excess of possible page limits established pursuant to the Individual Practice Rules of the U.S. District Court Judge assigned to this case is hereby granted; and it is further

**ORDERED**, that any response to this Order to Show Cause (i) shall be made in writing; (ii) shall state with particularity the grounds therefor; (iii) shall comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court; and (iv) shall be electronically filed on the ECF System in this action with a courtesy copy delivered to the Office of the Clerk, United

-5-

States District Court for the Southern District of New York marked "Courtesy Copy" – Attn: The Honorable  Andrew  Carter " and served upon Starr & Starr, PLLC, 260 Madison Ave., 17th Floor, New York, NY 10016 (Attention: Stephen Z. Starr, Esq.), and Weisbrod Matteis & Copley PLLC, 1900 M Street, N.W., Suite 850, Washington, D.C. 20036 (Attn: Stephen A. Weisbrod, Esq. and William E. Copley, Esq.), such that the response is actually filed and received in hand no later than 5:00 p.m. on  December 21 , 20 12.

Dated: December 18, 2012

_____
U.S. DISTRICT COURT JUDGE